IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CINDY ADKINS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 04-82-JJF |
| | : |
| JOANNE BARNHART, | : |
| Commissioner of Social | : |
| Security Administration, | : |
| | : |
| Defendant. | : |
| | : |
| | : |

Gary L. Smith, Esquire of GARY L. SMITH, ESQUIRE, Newark,
Delaware.
Attorney for Plaintiff.

Colm F. Connoly, Esquire, United States Attorney, and Patricia C.
Hannigan, Esquire, Assistant United States Attorney, of the
OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware.
Of Counsel: James A. Winn, Esquire, Regional Chief Counsel, and
Robert W. Flynn, Esquire, Assistant Regional Counsel of the
SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania.
Attorneys for Defendant.

**MEMORANDUM OPINION**

November 2, 2006

Wilmington, Delaware

**Farnan,** *District Judge.*

Pending before the Court is a Motion To Remand (D.I. 13) filed by Defendant, Jo Anne B. Barnhart, the Commissioner of Social Security (the "Commissioner") requesting the Court to remand this action for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). During the pendency of this action, Claimant Gerald Coulbourne passed away. An unopposed Motion For Substitution was filed, and Claimant's daughter is proceeding with this action in his place as the named plaintiff. For the reasons discussed, the Court will deny the Commissioner's Motion To Remand and award Claimant benefits.

## I.  The Parties' Contentions

By her Motion, the Commissioner contends that this action should be remanded for further administrative proceedings because there are clear inconsistencies in the decision of the administrative law judge ("A.L.J.") denying Claimant benefits. Specifically, the Commissioner contends that in his October 10, 2003 decision, the A.L.J. accepted as credible Claimant's testimony and the opinion of his treating physician Dr. Ahmed, both of which two vocational experts testified would preclude Claimant from performing competitive work, yet the A.L.J. concluded that Claimant was not disabled. The Commissioner contends that the inconsistencies in the A.L.J.'s decision are of

1

a factual nature, and therefore, a remand is appropriate. The Commissioner also contends that an outright award of benefits is inappropriate in this case because there is record evidence supporting a denial of benefits, including that Claimant had high GAF scores that were consistent with only mild or minimal to transient symptoms, and that two state agency physicians found that Claimant was not disabled.

In response, Plaintiff contends that Claimant is entitled to a direct award of benefits, because the record has been fully developed and demonstrates that Claimant is disabled. Plaintiff contends that the A.L.J. accepted the opinions of Dr. Ahmed and the testimony of Claimant, and that the vocational experts opined that an individual with the limitations identified by Claimant and his physician would be disabled. Plaintiff contends that this evidence is also consistent with other record evidence, including the report of Dr. Tardibuono who found that Claimant could not maintain a full time job, and Dr. Schubert who opined that Plaintiff was disabled due to severe bi-polar disorder with frequent manic episodes. Thus, Plaintiff contends that the facts and the weight to be given to those facts have already been decided by the A.L.J., and therefore, a remand of this matter is unnecessary.

## II. DISCUSSION

After reviewing the A.L.J.'s decision in light of the record evidence provided in the Transcript of the proceedings at the administrative level and the parties' arguments, the Court concludes that a remand of this matter to the Commissioner is unwarranted and that Claimant is entitled to a direct award of benefits. "The decision to direct the district court to award benefits should be made only when the administrative record of the case has ben fully developed and when substantial evidence in the record as a whole indicates that the [c]laimant is disabled and entitled to benefits." Gilliland v. Heckler, 786 F.2d 178, 184 (3d Cir. 1986). The parties do not disagree that the record has been fully developed. Thus, the only remaining question for the Court's consideration is whether this action should be remanded to the A.L.J. to resolve the inconsistencies in his opinion, or whether substantial evidence in the record as a whole supports a direct award of benefits in favor of Claimant.

In this case, the A.L.J. has already weighed and accepted the testimony of Claimant's physician, Dr. Ahmed. (Tr. 143-150, 176-177, 685-690). Two vocational experts testified at the hearing that an individual with the limitations identified by Dr. Ahmed would be disabled. (Tr. 49, 721-722).

The A.L.J. also credited the testimony of Claimant (Tr. 177, 180) in his decision. At the hearing, both vocational experts

3

were asked to determine whether Claimant would be disabled if his testimony was found to be credible.  Both vocational expert opined that in light of Claimant's testimony, he would be considered disabled.  (Tr. 46, 718).

The A.L.J. also accepted the testimony of Dr. Berning, Claimant's treating physician at the Water Street Rescue Mission where he resided from September 2001 until August 2003.  Dr. Berning's opinions were similar to Dr. Ahmed's, except that Dr. Berning found Claimant to be more severely disabled than Dr. Ahmed in some areas.  Dr. Berning opined that "under a structured environment he will perform and cope, but I think he will not do well independently."

Further, the testimony of Claimant and his treating physicians is also consistent with other evidence in the record supporting the conclusion that Claimant was disabled, including the report of Dr. Tardibuono and Dr. Schubert.  Specifically, Dr. Tardibuono opined that it was "simply unlikely that he [Claimant] would maintain any independent, competitive full-time job."  Dr. Schubert also opined that Claimant was disabled due to "bi-polar disorder - severe with frequent manic episodes."

Defendant contends that there is some evidence in the record that supports a conclusion that Claimant was not disabled.  In the Court's view, however, this evidence cannot be reconciled with the A.L.J.'s decision to credit Plaintiff's testimony and

4

the testimony of Dr. Ahmed.  In this regard, the Court agrees
with Plaintiff that the A.L.J. has already adjudicated the facts
and weighed the testimony, and for this reason a remand to the
A.L.J. is unnecessary.  Moreover, this case has already been
remanded to the A.L.J. once before for application of the correct
legal standard.  Claimant is now deceased and his daughter has
been substituted in his place for purposes of pursuing this
action.  In the Court's view, a remand of this action would only
result in further delay.

In sum, the Court concludes that substantial evidence in the
record as a whole supports a determination that Claimant was
disabled.  Accordingly, the Court will deny Defendant's Motion To
Remand, and order a direct award of benefits in favor of
Claimant.

## III. CONCLUSION

For the reasons discussed, Defendant's Motion To Remand
(D.I. 13) will be denied and Claimant will directly be awarded
benefits in connection with the application under review.  This
matter will be remanded to the A.L.J. for the calculation and
payment of an award of benefits to Plaintiff, who has been
substituted for Claimant in this action.

An appropriate Order will be entered.